(82 App. Div. 348.)

### ST. JOHN WOOD–WORKING CO. v. SMITH et al.

(Supreme Court, Appellate Division, First Department.   April 9, 1903.)

1. FRAUDULENT CONVEYANCES—FACTS CONSTITUTING FRAUD.

One largely in debt, whose creditors were pressing him, conveyed practically all his property, but was still allowed to manage it as though it was his own.  He did not record the mortgage given him by his grantee, and he was allowed by the grantee to take part of the proceeds of a loan on the property.  The grantee made a mortgage to a third person, and also a deed.  This third person actively participated in the conspiracy to defraud the debtor's creditors, and the first grantee acted merely as his agent.  *Held*, that all the conveyances would be set aside as fraudulent towards creditors.

2. APPOINTMENT OF RECEIVER—TAKING ACCOUNTING—DEPOSIT OF AMOUNT OF PLAINTIFF'S CLAIM.

Where enough money to pay plaintiff's claim has been deposited in court, it is not necessary to direct an accounting or the appointment of a receiver as prayed for in the complaint.

3. FRAUDULENT CONVEYANCE—SUFFICIENCY OF CREDITORS' JUDGMENT—JUDGMENT BY CONFESSION—AUTHORITY OF ATTORNEY.

The absence of an affidavit of the authority of defendant's attorney to confess judgment is a mere irregularity of which the defendant's grantee in a conveyance fraudulent as to judgment creditors cannot take advantage.

4. SAME—SUFFICIENCY OF STATEMENT.

In the absence of fraud in the entry of a judgment by confession, purchasers from the defendant who are not bona fide purchasers for value cannot object that the statement on which the judgment was entered was insufficient.

5. SAME—DEBT NOT DUE.

Under Code Civ. Proc. § 1274, subd. 2, providing that if the judgment to be confessed is for money due "or to become due," etc., and section 1277, providing that, where the debt for which judgment is rendered is not all due, execution may be issued for the collection of the sum which has become due, etc., purchasers from a defendant against whom judgment by confession has been entered cannot object that the judgment creditor's debt was not due.

6. SAME—ISSUANCE OF EXECUTION—NECESSITY.

Where a creditor attacking a conveyance as fraudulent has procured issuance of execution on one judgment and return thereof unsatisfied, relief will be given him as to another judgment on which execution has not been issued, the issuance and return of execution on the first judgment conferring jurisdiction on the court.

Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Suit by the St. John Wood-Working Company against Samuel W. B. Smith and others.   From a judgment for plaintiff, defendants appeal.   Affirmed.

The following is the opinion of TRUAX, J., at Special Term:

I am of the opinion that the deed from Smith to Coope, and the mortgage from Coope to Shuttleworth, were made, executed, and delivered with the intent of hindering, delaying, and defrauding the creditors of Smith other than the defendant Shuttleworth.  At the time said deed and said mortgage were delivered, Smith was largely in debt.  His creditors were pressing him, and the effect of the execution of the deed was that practically all of his property was put in the possession of Coope, and away from Smith's creditors.  Although Smith had parted with the apparent title to the property, still he was allowed to and did manage it as though it was his own property.

He did not record the mortgage given by Coope to him (the effect of which was that the creditors did not know that he held such a mortgage), and he was allowed by Coope to take some $6,090, part of the proceeds of the loan made by the insurance company on the property. The execution of the mortgage by Coope to Shuttleworth was a part of the scheme to defraud the creditors of Smith. The conveyance by Coope on the 21st of September to Shuttleworth was in furtherance of the design to hinder, delay, and defraud· Smith's creditors, and it did in fact hinder, delay, and defraud those creditors. Even after this last-mentioned conveyance, Smith was allowed to and did to some extent manage and control the property. In all the transactions between Smith and Coope at which Shuttleworth was not present, Coope acted as the agent of Shuttleworth, and Shuttleworth subsequently adopted and ratified his acts. The evidence also shows that Shuttleworth actively participated in the conspiracy to defraud the creditors of Smith. For the reasons above stated, the transfers of the deeds from Smith to Coope and from Coope to Shuttleworth, and the above-mentioned mortgages from Coope to Smith and Coope to Shuttleworth, should be set aside as fraudulent as against this plaintiff. In view of the fact that enough money to pay the claim of the plaintiff has been deposited and is now in court, it is not necessary to direct an accounting or the appointment of a receiver, as prayed for in the complaint. The defendants Coope and Shuttleworth contended on the trial that the judgment entered on December 27, 1899, for $1,988.77, should not be received in evidence, because no affidavit of the authority of the attorney was annexed to the acceptance of the offer of judgment. This objection is without merit. It is well settled that the statutory provision was intended for the benefit and protection of the parties to the action, and that the absence of the affidavit of authority is a mere irregularity of which third parties cannot take advantage (Citizens' National Bank of Towanda v. Shaw, 46 Hun, 589), and can be and was waived by the defendant against whom the judgment was entered (Phyfe v. Eimer, 45 N. Y. 102). The defendants Coope and Shuttleworth also objected to the admission of the judgment entered December 27, 1899, for $3,198.20, on the grounds that the judgment (postea) was not annexed to the roll, that the statement on which the judgment was entered was insufficient, and that the claim for which judgment was entered was not due. The first objection is not well taken, because the judgment was in fact attached to the judgment roll. In the absence of. fraud in the entry of judgment, the defendants Coope and Shuttleworth could not take the second objection, because they are not bona fide purchasers for value, and as against them the judgment is conclusive. Carpenter v. Osborn, 102 N. Y. 552, 7 N. E. 823. See, also, Neusbaum v. Keim, 24 N. Y. 325. The Court of Appeals, in the case last cited, said that: "It was an ancient and well-settled practice of the courts to allow judgment to be recovered by confession, either without action or pending an action. Such judgments rested, as they do still, upon the simplest of all foundations—that of consent; and the consent was enough, without a special and particular statement of the cause or consideration of the debt. This was so, even as to other creditors and purchasers, until the Legislature of this state, in 1818 (Laws 1818, p. 280, c. 259, § 8), enacted a statute on this subject. The practice was considered liable to abuses affecting the rights. of other parties. That statute therefore provided that from thenceforth, in all judgments by confession without suit, the plaintiff should file with the record a particular statement of his debt, and, if this was omitted, such judgments were to be deemed fraudulent as to other bona fide judgment creditors, and as to bona fide purchasers for valuable consideration of any lands bound or affected by such judgments. * * * As to him (the judgment debtor), the framers of the Code and the Legislature did not intend so absurd a thing as to enact that an explicit written authority for a judgment should not be sufficient. This would be to deny to him power and capacity to act for himself. As to third parties the change is substantial, but they must be parties within the protection of the principle on which the change was based. In favor of such parties the statute guards against the confessions of fraudulent and collusive judgments; but, if they are themselves fraudulent and collusive dealers with the debtors, they are not within its protective policy. Persons in that situa-

tion could not, by an affirmative suit or proceeding, assail a judgment by confession admitted to be fraudulent. The law would not listen to them at all. And where they have got possession of the debtor's property by a fraudulent and void conveyance, they cannot be allowed to hold it against a judgment which is valid against the debtor and fair in its consideration, on the mere ground that the statement of such consideration is not sufficient." There is no validity in the third ground. The Code expressly authorizes the entry of a judgment for a debt not yet due (subdivision 2, § 1274, Code Civ. Proc.), and for its collection (section 1277, Code Civ. Proc.). The defendants Coope and Shuttleworth contend that the complaint should be dismissed because an execution had not been issued upon the judgment for $3,198.20 at the time of the commencement of the action. This contention cannot be maintained. An execution had been issued and returned unsatisfied on the judgment entered on December 27, 1899, for $1,988.77, and that fact gives the court jurisdiction over the subject-matter of this action. Having obtained jurisdiction, the court will go on and grant such further relief within the scope and meaning of the issues as the parties might be equitably entitled to in connection with the transactions under investigation. Carpenter v. Osborn, 102 N. Y. 552, 7 N. E. 823. See, also, Edwards v. Rosenheim, 74 Mo. App. 621. Let judgment be entered for the plaintiff, with costs, and an extra allowance of 5 per cent. on the amount involved, as above directed. Judgment to be settled on notice.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

T. C. Ennever, for appellants.
C. W. Dayton, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of the court below.

VAN BRUNT, P. J., and McLAUGHLIN, J., dissent.

---

### In re OPENING OF SUMMIT AVE.

(Supreme Court, Appellate Division, First Department. June 12, 1903.)

**1. APPEAL—REVIEW—OBJECTIONS BY RESPONDENT.**
    On an appeal by the city alone from an order of court in so far as it refused to confirm the report of commissioners of estimate and apportionment as to certain parcels of land, and referred the report back to them, with directions to award substantial damages to the owners of said parcels, on the basis of certain existing private, but not public, easements over the lands, the owners could not contend that the alleged private easements had been abandoned or lost by adverse possession.

**2. EMINENT DOMAIN—SUBSTANTIAL AWARDS.**
    Evidence examined, and *held* to show that the awards made by the commissioners of estimate and apportionment to the owners of certain parcels of land taken for a street were substantial and adequate, and that the Special Term erred in referring the report back on the ground that substantial awards had not been made.

**3. SAME—AWARD FOR BUILDING.**
    Where a city, in taking a parcel of land for a street, destroys a building which has been erected on the land with the consent of persons owning private easements therein, the owner of the land is entitled to a substantial award for the building.

Appeal from Special Term, New York County.